UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAGANINI FOODS, LLC<br><br>   Plaintiff,<br><br>   v.<br><br>A & A FUMBAH TRUCKING, INC.,<br><br>   Defendant. | No. 10-5444(NLH)<br><br>OPINION |

**APPEARANCES:**
MARTIN F. CASEY
THOMAS M. GRASSO
CASEY & BARNETT LLC
25 PROSPECT STREET
MORRISTOWN, NJ 07960
*On behalf of plaintiffs*

**HILLMAN**, District Judge

       Before the Court is plaintiff's motion for the entry of default judgment pursuant to Federal Civil Procedure Rule 55(b)(2). For reasons explained below, plaintiff's motion will be granted.

   I.   **JURISDICTION**

       Plaintiff brought this action pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §§ 14706, et al.[1] Therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question

---

   [1]   "The Carmack Amendment provides for liability of common carriers for damage to or loss of goods during shipment." S & H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550, 554 (3d Cir. 2005). The statute permits that "[a] civil action under this section may be brought in a United States district court or in a State court." See 49 U.S.C. § 14706(d)(3).

jurisdiction) and 28 U.S.C. § 1337.[2]

## II. BACKGROUND

This matter arises from alleged damage to 1,680 cases of avocados. Plaintiff alleges that on June 12, 2009, it engaged the services of defendant to transport a consignment of 1,680 cases of avocados from Pharr, Texas to Swedesboro, New Jersey. The cases were delivered in good condition into the custody and control of defendant pursuant to a contract to maintain the temperature within the container between 38 and 40 degrees[3] during transportation. Plaintiff alleges that on June 16, 2009, defendant delivered the avocados to a warehouse in Swedesboro, New Jersey where it was discovered that the avocados sustained damaged due to elevated temperatures during the transit from Texas to New Jersey.

According to a formal claim letter sent by plaintiff

---

[2] Section 1337(a) states:

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337.

[3] The Court assumes the parties were using the Farenheit scale.

dated June 29, 2009, the invoice for the avocados was $65,700 and plaintiff, after loss mitigation and minimization, claimed $34,500 in damages.  On October 21, 2010, plaintiff filed a complaint alleging claims of breach of the Carmack Amendment, and related state claims of negligence, gross negligence, breach of contract and breach of bailment.  The complaint and summons were served on defendant on December 20, 2010.  Defendant failed to file an answer and plaintiff requested the Clerk of Court's entry of default which was granted on February 8, 2011.  Plaintiff now moves for default judgment seeking judgment for $34,500 in damages together with interest and fees for a total amount of $34,932.24.

### III.  DISCUSSION

#### A.   Standard for Default Judgment

Pursuant to Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  See Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) by applying to the Court.  See Fed. R. Civ. P. 55(b).  A district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir.

1993). Upon a showing of specified damages, the court may enter judgment without conducting a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944). In addition, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Id.

    **B.   Motion for Default Judgment**

Defendant failed to answer the complaint or otherwise plead. The Court may enter default judgment based on a defendant's failure to respond to the complaint. See Federal Maritime Com'n v. South Carolina State Ports Authority, 535 U.S. 743, 122 S.Ct. 1864 (2002) ("If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff."). Based upon plaintiff's unopposed allegations in

4

its complaint, defendant failed to maintain adequate temperatures within the container which caused the avocados to become damaged while in transit.  See Lansford-Coaldale Joint Water Authority v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993) ("[W]hen a party fails to respond to a complaint, it is deemed to have admitted all the allegations in the complaint.").

In support of their claim, plaintiffs submit the certification of Martin F. Casey, Esquire, stating that the complaint and summons were served upon defendant and that the defendant failed to answer.  The certification also states that plaintiff is seeking $34,500 in damages, $82.24 in prejudgment interest (at a rate of .11% per anum from June 16, 2009)[4] and $350 in court filing fees, for a total amount of $34,932.24.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiff's motion for default judgment will be granted, and judgment will be entered in the amount of $34,932.24.

                                    s/Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J

Dated:   January 23, 2012
At Camden, New Jersey

---

[4]  At the time judgment will be entered in this matter, the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment is .11%. See http://www.federalreserve.gov/releases/h15/current/.